FEINBERG, Chief Judge:
Joseph Mitchell, the owner of a fifty percent interest in Mitchell Excavators, Inc. (the Corporation), a Connecticut corporation undergoing reorganization under Chapter 11 of the Bankruptcy Reform Act, 11 U.S.C. §§ 1101-1146, appeals from an order of the United States District Court for the District of Connecticut, Cabranes, J., granting appellees’ motion to dismiss appellant’s derivative action, brought pursuant to Conn.Gen.Stat. § 52 — 572j. For reasons stated below, we affirm.
I.
In August 1982, the Corporation sought relief under Chapter 11. In November 1982, appellant brought a derivative action in the United States Bankruptcy Court for the District of Connecticut. The complaint alleged that appellees, who were officers, directors and key employees of the Corpo *131 ration, had mismanaged, diverted and wasted corporate funds, in violation of their fiduciary duty. In March 1983, Judge Cabranes granted appellant’s motion to transfer the case to the district court.
Appellees moved to dismiss the derivative action on three grounds: (1) that appellant’s counsel had not been authorized to act as attorney for the debtor; (2) that appellant’s cause of action could be asserted only by the debtor; and (3) that the commencement of an adversary proceeding violated the spirit and intent of a court-approved agreement among appellant, the debtor and the creditors’ committee that no trustee would be appointed except at the request of the creditors’ committee. Judge Cabranes granted the motion, relying on the first of appellees' arguments. The judge stated that, because the rights asserted in a derivative action are rights of the corporation, during bankruptcy proceedings such an action can be brought only by an attorney approved by the bankruptcy court pursuant to 11 U.S.C. § 328. Judge Cabranes’s dismissal was without prejudice to appellant’s seeking an order of the bankruptcy court approving the employment of an attorney to prosecute the derivative action. This appeal ensued.
II.
Appellant argues that neither the district court nor the bankruptcy court can restrict his right under state law to bring a derivative action. We disagree; appellant fails to recognize that the filing of the bankruptcy petition immediately altered the rights of the Corporation and the manner in which its rights could be asserted. As the Supreme Court stated in Pepper v. Litton, 308 U.S. 295, 306-07, 60 S.Ct. 238, 245, 84 L.Ed. 281 (1939), while normally the fiduciary obligation of officers, directors and shareholders “is enforceable directly by the corporation or through a stockholder’s derivative action, it is, in the event of bankruptcy of the corporation, enforceable by the trustee.”
Under section 70(a) of the Bankruptcy Act of 1898, 11 U.S.C. § 110(a) (repealed 1978), the trustee succeeded to any right of action that the debtor corporation may have had to recover damages — either directly or by means of a derivative action— for the violation of fiduciary duty by officers or directors. See, e.g., Bayliss v. Rood, 424 F.2d 142, 146 (4th Cir.1970); In re Ira Haupt & Co., 398 F.2d 607, 612-13 (2d Cir.1968); 4 Collier on Bankruptcy ¶[ 541.10[8] (15th ed. 1983); see also Brown v. Presbyterian Ministers Fund, 484 F.2d 998, 1005 (3d Cir.1973).
The Bankruptcy Reform Act of 1978 did not change this structure in significant ways. Under 11 U.S.C. § 541, the rights of action of the debtor pass to the estate created by the commencement of the bankruptcy proceeding, not directly to the trustee. Those rights, however, are still normally vindicated by the trustee. In re Mortgageamerica Corp., 714 F.2d 1266, 1276-77 (5th Cir.1983). Moreover, the section 541 estate “includes all kinds of property, including tangible or intangible property, causes of action ... and all other forms of property currently specified in section 70a of the Bankruptcy Act.” H.R. Rep. No. 595, 95th Cong., 2d Sess. 367, reprinted in 1978 U.S. Code Cong. & Ad. News 5963, 6323; see In re Mortgageamerica Corp., supra, 714 F.2d at 1275. Thus, appellant’s argument has no more merit under the 1978 Act than it had under the 1898 Act.
It is true, of course, that under certain circumstances a shareholder may assert a cause of action of the debtor even after the commencement of a bankruptcy proceeding. For example, the trustee may abandon a particular claim, making it possible for others to assert it. See, e.g., Stein v. United Artists Corp., 691 F.2d 885, 890-91 (9th Cir.1982); Management Investors v. United Mine Workers, 610 F.2d 384, 392 (6th Cir.1979). Also, the bankruptcy court may order the trustee to abandon a claim. See In re Ira Haupt & Co., supra, 398 F.2d *132 at 612. But in these cases, some proceeding in the bankruptcy court must take place before a shareholder can assert the right directly.
We also realize that if a trustee had been appointed, one remedy available to appellant would have been to petition the bankruptcy court to compel the trustee to either bring suit or abandon the claim. See Dallas Cabana, Inc. v. Hyatt Corp., 441 F.2d 865, 868 (5th Cir.1971). In this case, the record does not indicate that a trustee was appointed, and it is possible that appellant’s agreement with the debtor and the creditors’ committee may bar him from petitioning the bankruptcy court to appoint a trustee for the purpose of bringing the action that appellant has so far pressed unsuccessfully. Indeed, the record before us is remarkably devoid of relevant information. We do not have the text of the agreement just referred to, nor do we know who is actually acting for the debtor at the present time. We express no views on whether the action should be brought, who should bring it and what procedures should be followed to accomplish that result.
As should be clear from our discussion, any further proceedings related to appellant’s attempt to bring an action against the appellees should take place, in the first instance, in the bankruptcy court. Thus, we affirm the district court’s dismissal.[1]

. Appellees argue that the district court may not have had jurisdiction over appellant's complaint. Their argument has no merit under our recent holdings in In re Pine Associates, Inc., 733 F.2d 208 (2d Cir.1984) (per curiam), and In re Kaiser, 722 F.2d 1574, 1577 (2d Cir.1983).