### In re SUNBEAM SECURITIES LITIGATION.

Nos. 98–8258–CIV–MIDDLEBROOKS, 99–8275–CIV–MIDDLEBROOKS.

United States District Court, S.D. Florida.

March 26, 2001.

Gerald J. Rodos, M. Richard Komins, Jeffrey A. Barrack, Barrack, Rodos & Bacine, Merrill G. Davidoff, Lawrence Deutsch, Robin B. Switzenbaum, Berger & Montague, Philadelphia, PA, Abraham Rappaport, Milberg, Weiss, Bershad, Hynes & Lerach, Boca Raton, FL, Robert M. Kornreich, Chet B. Waldman, Carl Stine, Wolf Popper, New York City, for Plaintiffs' Co-Lead Counsel.

Robert E. Zimet, Christopher P. Malloy, Skadden Arps Slate Meagher & Flom, New York City, for Defendant Sunbeam Corp.

Eliot Lauer, Curtis Mallet–Prevost Colt & Mosle, New York City, for Defendant Arthur Andersen.

Donald S. Zakarin, Pryor Cashman, Sherman & Flynn, New York City, for Defendants Albert J. Dunlap and Russell A. Kersh.

Thomas J. McGonigle, McGuireWoods, Washington, DC, for Defendant Robert J. Gluck.

David J. George, Matthew Triggs, Proskauer Rose, Boca Raton, FL, for Defendant David C. Fannin.

Brian Rosner, New York City, for Defendant Donald R. Uzzi.

## ORDER

MIDDLEBROOKS, District Judge.

THIS CAUSE came before the Court upon Sunbeam's Notice of Bankruptcy Filing, filed February 8, 2001. Sunbeam has asked this Court to impose an automatic stay in this litigation pursuant to 11 U.S.C. § 362. On February 12, 2001, this Court entered an Order to Show Cause to all the parties related to Sunbeam's Notice of Bankruptcy Filing. Specifically, this Court requested the parties' views on whether an automatic stay also should be granted with respect to the other non-debtor defendants in this action. Since then, this Court has received filings from the parties, and is advised in the premises.

Under section 362(a) of the United States Code, Sunbeam's voluntary filing for bankruptcy pursuant to Chapter 11 entitles it to an automatic stay of these proceedings as all the parties agree. *See Carver v. Carver,* 954 F.2d 1573, 1576

(11th Cir.1992).[1] However, the parties disagree as to whether the individual non-debtor defendants in this action (Albert Dunlap, David Fannin, Robert Gluck, Russell Kersh, and Donald Uzzi) also are entitled to an automatic stay of these proceedings. The individual non-debtor defendants contend, among other things, that they are entitled to a stay because of the close identity between themselves and Sunbeam as well as the fact that they are indemnified by an insurance policy's of Sunbeam which constitutes property of Sunbeam's debtor estate. After reviewing the relevant caselaw, I conclude that the third-party defendants are not entitled to a stay of these proceedings.

■ The law makes clear (and no party disagrees) that the automatic stay provisions of section 362(a) generally are not available to third-party non-debtors. *See, e.g., McCartney v. Integra Nat. Bank North,* 106 F.3d 506, 509–10 (3rd Cir.1997) (explaining that it is " 'universally acknowledged that an automatic stay of proceedings accorded by § 362 may not be invoked by entities such as sureties, guarantors, co-obligors, or others with a similar legal or factual nexus to the ... debtor' ") (quoting *Assoc. of St. Croix Condominium Owners v. St. Croix Hotel Corp.,* 682 F.2d 446, 448 (3d Cir.1982) (citation omitted)); *United States v. Dos Cabezas Corp.,* 995 F.2d 1486, 1491–93 (9th Cir.1993) (holding that a stay does not preclude the government from pursuing a deficiency judgment against the non-debtor co-signors of a promissory note); *Croyden Assocs. v. Alleco, Inc.,* 969 F.2d 675, 677 (8th Cir.1992)

(refusing to extend a stay to claims against solvent co-defendants), *cert. denied sub nom., Harry and Jeanette Weinberg Foundation, Inc. v. Croyden Assocs.,* 507 U.S. 908, 113 S.Ct. 1251, 122 L.Ed.2d 650 (1993); *Credit Alliance Corp. v. Williams,* 851 F.2d 119, 121–22 (4th Cir.1988) (enforcing default judgment entered against a non-debtor guarantor of a note during the pendency of the corporate obligor's bankruptcy).

■ However, on occasion, federal courts have applied the automatic stay protection to non-debtor third parties based on "unusual circumstances." The principal case standing for this proposition (and the case relied on primarily by the individual defendants) is *A.H. Robins Co., Inc. v. Piccinin,* 788 F.2d 994 (4th Cir. 1986). In *Piccinin,* the Fourth Circuit found (in the mass tort context) that where "there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor" or where suit against a third-party defendant sought "possession or [ ] control over property of the debtor," a stay may be warranted for the third-party defendant. *See id.* at 999–1002 (relying on both the automatic stay provision and the bankruptcy court's equitable powers under 11 U.S.C. § 105). Federal courts also have extended an automatic stay to non-debtor third parties where stay protection was deemed essential to the debtor's efforts of reorga-

---

**1.** 11 U.S.C. § 362(a) provides in pertinent part:

 (a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title ... operates as a stay, applicable to all entities, of—

 (1) the commencement or continuation, including the issuance or employment of pro-

cess, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title....

nization. *See McCartney,* 106 F.3d at 510; *In re Lazarus Burman Assocs.,* 161 B.R. 891, 899–900 (Bankr.E.D.N.Y.1993) (enjoining guaranty actions against non-debtor principals of debtor partnerships because principals were the only persons who could effectively formulate, fund, and carry out debtors' plans of reorganization); *In re Steven P. Nelson,* 140 B.R. 814, 816–17 (Bankr.M.D.Fla.1992) (enjoining actions against non-debtor guarantor of debtor corporation's obligations where guarantor was the president of the debtor and the president's services, expertise and attention were essential to the reorganization of the debtor).

Yet these "unusual circumstances" are not present sufficiently before this Court to warrant the extension of the stay to the non-debtor defendants. First and foremost, Sunbeam takes no position with respect to this issue, and does not seek a stay for the non-debtor defendants. In fact, in its Response, Sunbeam attests that proceeding with this suit will not prejudice its Chapter 11 reorganization efforts, and that it is prepared to continue cooperating with the discovery schedule already in place. Moreover, the indemnification concerns raised by the individual defendants do not warrant a stay. Sunbeam has not sought injunctive relief in Bankruptcy Court based on the anticipated effect upon reorganization from its indemnification obligations to the individual defendants. Here, the indemnification claims of the individual defendants, former officers and directors of Sunbeam, will receive no dis-

tributions and their claims will be extinguished under the terms of Sunbeam's Plan of Reorganization. *See id.* (noting that "any claims by the individual defendants for indemnification or for advancement or reimbursement of litigation expense will be subordinated to the claims of Sunbeam's lenders and will receive no recovery"). Therefore, continued action against the individual defendants will not have an adverse effect upon Sunbeam's reorganization, and no prejudice will result to Sunbeam. In addition, this Court concludes that because the insurance policies offer no potential pecuniary benefit to Sunbeam, a stay is not needed to protect the "property of the debtor estate."[2] Finally, I believe that a stay for all defendants at this stage in the litigation would impose an unfair hardship upon Plaintiffs not mitigated sufficiently by the interests asserted by the individual defendants. Accordingly, it is

ORDERED AND ADJUDGED that this action is STAYED with respect to Sunbeam pursuant to section 362(a). However, this action continues with all current deadlines remaining in effect as to all of the individual defendants as well as Arthur Andersen LLP.

---

**2.** The D & 0 insurance policies cannot inure to the financial benefit of Sunbeam as the policies either will be paid to the non-debtor co-defendants based on their indemnification claims or to Plaintiffs in those actions implicating the insurance policies. As the Bankruptcy Court has explained:

The overriding question when determining whether insurance proceeds are property of

the estate is whether the debtor would have a right to receive and keep those proceeds when the insurer paid on the claim. When a payment by an insurer cannot inure to the debtor's pecuniary benefit, then that payment should neither enhance nor decrease the bankruptcy estate.

*In re Scott Wetzel Services, Inc.,* 243 B.R. 802, 804 (Bankr.M.D.Fla.1999).