**Frank David SEINFELD,**
**Plaintiff–Appellant,**

v.

**James C. ALLEN, et al., Defendants–Appellees.**

No. 05–2680.

United States Court of Appeals,
Second Circuit.

Feb. 27, 2006.

Pamela Chepiga, Allen & Overy LLP, New York, NY, for Director–Appellees.

Gregory A. Markel, Cadwalader, Wickersham & Taft LLP, New York, NY, for Bank of America N.A, for Appellees.

A. Arnold Gershon, Ballon, Stoll, Bader, & Nadler, P.C., New York, NY, for Plaintiff–Appellant.

PRESENT: Hon. PETER W. HALL, Circuit Judge, Hon. EDWARD R. KORMAN, District Judge.*

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be and it hereby is **AFFIRMED.**

In this derivative action related to the events underlying the financial collapse of WorldCom, Inc. ("WorldCom"), the telecommunications company of which Bernard J. Ebbers was Chief Executive Officer, plaintiff-appellant Frank David Seinfeld, a one-time WorldCom stockholder, claims that WorldCom directors unlawfully authorized WorldCom to guarantee Ebbers' personal debts to Bank of America ("BOA"), a course of action alleged to constitute a breach of the directors' fiduciary duty to the company. Seinfeld further alleges that BOA is liable for aiding and abetting the directors in their allegedly unlawful conduct. We assume familiarity with the underlying facts of this case.

Shortly after Seinfeld filed the initial complaint in this action, WorldCom filed a petition for relief under Chapter 11 of the Bankruptcy Code ("Code"). Pursuant to the Code, 11 U.S.C. § 362(a), the district court ordered this action stayed. The bankruptcy court subsequently approved WorldCom's plan of reorganization, and WorldCom became MCI, Inc., taking the name of what had been WorldCom's wholly-owned subsidiary. Following confirmation of the plan, Seinfeld sought to reinstitute the derivative action against former directors that he had started prior to the bankruptcy. In the meantime, MCI, Inc. and its execution of the confirmed plan remains under the jurisdiction of the bankruptcy court. The district court dismissed Seinfeld's derivative action as barred by the confirmed plan of reorganization.

On appeal, plaintiff contends: (1) the plan of reorganization expressly provides for the post-bankruptcy continuance of this derivative action; (2) he has standing to maintain this action because he has satisfied the "continuous stock ownership" rule; (3) he has complied with Georgia's demand requirement; and (4) the aiding and abetting claim against BOA is cognizable under Georgia law or, alternatively, the question should be certified to the Georgia Supreme Court.

We review the district court's grant of a motion to dismiss *de novo,* accepting the plaintiff's allegations as true. *Tindall v. Poultney High Sch. Dist.,* 414 F.3d 281, 283 (2d Cir.2005). In so doing, we draw inferences from those allegations in the light most favorable to the plaintiff. *Desiderio v. Nat'l Ass'n of Sec. Dealers, Inc.,* 191 F.3d 198, 202 (2d Cir.1999).

Having reviewed the facts of this case under the applicable law, we agree with the district court that this derivative action may not proceed. The Code provides that "the provisions of a confirmed plan bind the debtor ... and any creditor, *equity security holder,* or general partner in the debtor ... whether or not such creditor, equity security holder, or general partner has accepted the plan." 11 U.S.C. § 1141(a) (emphasis added). Importantly, once the plan is confirmed all property of the estate vests in the debtor. *See id.* § 1141(b). When WorldCom emerged from bankruptcy as the reorganized entity

---

* The Honorable Edward R. Korman, Chief Judge of the United States District Court for the Eastern District of New York, sitting by designation. This appeal was decided by two members of the panel, who are in agreement. *See* Second Circuit Rule § 0.14(b).

MCI, Inc., therefore, MCI, Inc. became the legal owner of the estate's property.

The filing of a bankruptcy petition "immediately alter[s] the rights of the Corporation and the manner in which its rights [can] be asserted." *Mitchell Excavators, Inc. v. Mitchell,* 734 F.2d 129, 131 (2d Cir.1984). By operation of law, upon commencement of bankruptcy proceedings the rights of action of the debtor pass to the estate. *See* 11 U.S.C. § 541(a)(1) (the bankruptcy estate is comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case."). The estate "includes all kinds of property, including tangible or intangible property, [and] causes of action." *Mitchell,* 734 F.2d at 131 (internal quotation omitted). "[W]hile normally the fiduciary obligation of officers, directors, and shareholders 'is enforceable directly by the corporation or through a stockholder's derivative action, it is, in the event of bankruptcy of the corporation, enforceable by the trustee.'" *Id.* (quoting *Pepper v. Litton,* 308 U.S. 295, 306–07, 60 S.Ct. 238, 84 L.Ed. 281 (1939)). *Mitchell's* discussion of the trustee's authority over the bankruptcy estate is applicable in the instant case because the debtor in possession is authorized to exercise the same powers as the trustee. *See* 11 U.S.C. § 1107(a) ("[A] debtor in possession shall have all the rights . . . of a trustee.").

Although we have noted that "under certain circumstances a shareholder may assert a cause of action of the debtor even after the commencement of a bankruptcy proceeding," *Mitchell,* 734 F.2d at 131,

such circumstances arise when the trustee voluntarily abandons the claim or when the bankruptcy court orders the trustee to abandon the claim. *See In re Dawnwood Props./78,* 209 F.3d 114, 117 (2d Cir.2000); *Mitchell,* 734 F.2d at 131. Thus, if the plaintiff is dissatisfied with the trustee's action or inaction on the claim, he must petition the bankruptcy court before proceeding derivatively. *Mitchell,* 734 F.2d at 132 (observing that in those cases where a shareholder may assert the debtor's cause of action even after commencement of bankruptcy proceedings, "some proceeding in the bankruptcy court must take place"). In this case, the plan is clear that the reorganized debtor MCI, Inc., not the individual stockholders, retains the right to bring legal action for its own benefit. In point of fact, MCI, Inc. has manifested its exercise of such rights under ¶ 10.08(b)[1] by bringing an adversary proceeding against Ebbers.

To the extent that Seinfeld argues that under ¶ 10.08(b) he may also bring a derivative action on behalf of the corporation, this is incorrect on the facts of this case. Under the rules applicable to reorganizations, bankruptcy proceedings remain open until entry of a final decree. *See* Fed. R. Bankr.P. 3022 ("After an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case."). MCI, Inc.'s adversary proceeding filed against Ebbers on July 9, 2004 in the bankruptcy court, rather than in an appropriate district court or a state trial court, is clear

1. Paragraph 10.08(b) provides in relevant part:

The Reorganized Debtors shall have, retain, reserve, and be entitled to assert all such Claims, Causes of Action, rights of setoff, and other legal or equitable defenses which they had immediately prior to the Commencement Date fully as if the Chapter 11

Cases had not been commenced, and all of the Reorganized Debtors' legal and equitable rights respecting any Claim left unimpaired by the Plan may be asserted after the Confirmation date to the same extent as if the Chapter 11 Cases had not been commenced.

**50**

evidence of the continuing pendency of bankruptcy proceedings related to the WorldCom–MCI, Inc. reorganization. There is no indication in the record of this case that the bankruptcy case has been closed.

Given that the Chapter 11 bankruptcy proceedings remain open, Seinfeld is precluded from asserting a derivative action on WorldCom's behalf without first bringing a proceeding in the bankruptcy court. *See Mitchell,* 734 F.2d at 131–32. Seinfeld has not pursued such proceedings. In fact, he has ignored this Court's ruling in *Mitchell* and argues that "there is no purpose to be served by a formal order of abandonment [from the bankruptcy court]." In that assertion he is wrong.

Finally, Seinfeld's claim that he is bringing this derivative action as an MCI, Inc. shareholder (not a WorldCom shareholder) suffers the same legal impediment because it is MCI, Inc. which is operating under the jurisdiction of the bankruptcy court. Absent an order of the bankruptcy court allowing Seinfeld to pursue these claims on the corporation's behalf, the right to bring this action remains with the reorganized debtor MCI, Inc. for the duration of the Chapter 11 proceedings. The district court's dismissal of the action was not in error.

The judgment of the district court is **AFFIRMED.**