■ MARGARET ORTIZ et al., Respondents, v NEW YORK MEDICAL GROUP, P.C. et al., Defendants. NEW YORK MEDICAL GROUP, P.C., Third-Party Plaintiff-Respondent, v ALLEN H. KAPIT, M.D., Third-Party Defendant-Appellant. (And a Second Third-Party Action.) [868 NYS2d 613]—

Order, Supreme Court, New York County (Alice Schlesinger, J.), entered October 11, 2007, which denied third-party defendant Kapit's motion to dismiss the third-party complaint on the ground that third-party plaintiff New York Medical Group (NYMG) lacks capacity to sue, having been previously liquidated in bankruptcy, unanimously affirmed, without costs.

A liquidation proceeding is closed only when a final decree is entered (*Seinfeld v Allen*, 169 Fed Appx 47, 49 [2d Cir 2006]). NYMG knew of the claim against it by plaintiffs before the bankruptcy was closed, and cannot assert that it could not have included as an asset in the bankruptcy estate the claim it possessed against third-party defendant Kapit (*see Dynamics Corp. of Am. v Marine Midland Bank-N.Y.*, 69 NY2d 191, 196-197 [1987]; *Barranco v Cabrini Med. Ctr.*, 50 AD3d 281 [2008]). If a claim owned by a bankrupt is of value, his creditors are entitled to it, and he cannot, by withholding knowledge of its existence from the trustee, obtain a release from his debts and still assert title to—and collect upon—the claim for his own benefit (*see First Nat. Bank of Jacksboro v Lasater*, 196 US 115 [1905]). However, this third-party claim against Dr. Kapit sounds in indemnification, and any recovery against NYMG, an empty shell without assets, must necessarily be paid by insurance, if at all; the indemnification claim thus could not have benefitted the bankruptcy estate of NYMG because it was not an asset of that estate (*see* 11 USC § 541 [b] [1]). Unlike in *Dynamics Corp.* and *Barranco*, this claim against third-party defendant does not belong to the estate. NYMG was not "discharged" (11 USC § 1141 [d] [3]), but remains a liquidated company. Accordingly, its status is akin to a dissolved corporation winding up its affairs, and as such it has the capacity to bring the third-party claim in its individual capacity (*see Tedesco v A.P. Green Indus., Inc.*, 8 NY3d 243 [2007]). Concur—Tom, J.P., Nardelli, Sweeny, McGuire and DeGrasse, JJ.