**In re GENERAL GROWTH PROPERTIES, INC., et al., Debtors.**

No. 09–11977(ALG).

United States Bankruptcy Court, S.D. New York.

March 24, 2010.

## MEMORANDUM OF DECISION AND ORDER ON MOTION TO ENFORCE THE AUTOMATIC STAY AND FOR CONTEMPT SANCTIONS AGAINST JAMES YOUNG AND HIS COUNSEL

ALLAN L. GROPPER, Bankruptcy Judge.

Before the Court is a motion by General Growth Properties, Inc., et al. (the "Debtors") to enforce the automatic stay, 11 U.S.C. § 362 (the "Automatic Stay"), and for contempt sanctions against James Young, a shareholder, and his counsel (collectively, "Plaintiff"). This motion is in response to the filing of a class and derivative complaint for breach of fiduciary duty (the "Complaint") by the Plaintiff on February 19, 2010, in the Circuit Court of Cook County, Illinois (the "State Court"). A hearing was held in this Court on March 18, 2010.

In the State Court Complaint, Plaintiff alleges two causes of action against several of the Debtors' directors and against one of the Debtors as a nominal defendant and involuntary plaintiff (on the derivative claim): (i) a purported class claim for breach of fiduciary duties (the "Direct Claim") and (ii) a derivative claim for breach of fiduciary duties (the "Derivative Claim"). Both of these claims allegedly accrued as a result of the Debtors' alleged failure to respond appropriately to a take-over bid from Simon Property Groups, Inc. ("Simon"). Plaintiff also argues that Debtors' "defensive tactics," i.e., a "poison pill" provision in its Charter, staggered elections of the board of directors, and supermajority voting requirements, are unfair to "Simon or any other potential acquirer." (Pl.'s Resp. 9). In the Complaint, Plaintiff seeks the equitable relief of a court order directing the Debtors' Board of Directors (the "Board"), among other things, to "obtain a transaction" and abstain from entering into "contractual provisions," e.g., confidentiality agreements, with potential bidders that could impede the maximization of shareholder value. (Compl. 22).

At the hearing, Plaintiff's counsel was unaware that the Debtors are already embarked on establishing bidding procedures, which are expected to lead to a transaction with a third-party for the acquisition of the Debtors or a similar corporate transaction. He was also unable to articulate how the foregoing Charter provisions, of which he complained, would have any application in these bankruptcy cases. Nevertheless, counsel argued for relief that would in effect allow a State court or jury to control the bidding procedures used in these cases, even though such bidding procedures are subject to the review and approval of this Court and will be determined only after a hearing at which any interested party (including Plaintiff) may be heard.

The Debtors' motion must be analyzed separately with respect to Plaintiff's Direct Claim and his Derivative Claim.

### I. The Direct Claim

In his papers, Plaintiff repeatedly argues that the class claim for breach of fiduciary duties is a "direct claim" and, therefore, not property of the Debtors. (See, e.g., Pl.'s Resp. 1–2, 9–10). Plaintiff then makes the following arguments as to why this cause of action should not be subject to the Automatic Stay: (i) it has been brought against non-debtor parties; (ii) it is a direct cause of action arising out of statutory shareholder rights; and (iii) Plaintiff is seeking only equitable relief. However, as discussed below, each of these

arguments is fatally flawed, as it ignores the fact that Plaintiff is attempting to directly interfere with the administration of the bankruptcy estates.

First, Plaintiff argues that his Direct Claim is against non-bankrupt co-defendants and as such does not implicate the Automatic Stay, citing *In re Sunbeam Secs. Litig.*, 261 B.R. 534 (S.D.Fla.2001) and *Meckenstock v. Int'l Heritage, Inc.*, 1998 U.S. Dist. LEXIS 21042 (E.D.N.C. Dec. 9, 1998). However, in both of these cases, the claims were for damages against third parties for their own individual actions. Here, Plaintiff is complaining only about actions the individual members of the Board have taken on behalf of the Debtors, and the remedy sought in the Complaint would force the Debtors to behave in a way desired by Plaintiff by ordering them, for example, to "obtain a transaction." (Compl. 22). Therefore, at the very least, Plaintiff's Direct Claim seeks to control the Debtors in their administration of their estates as debtors-in-possession.

██ A plaintiff cannot use judicial processes outside of the bankruptcy court to interfere with the administration of a bankruptcy case. As the Fifth Circuit has explained:

> Sweeping all of the debtor's property into the bankruptcy estate created at filing is the means by which the Code achieves effective and equitable bankruptcy administration. Only through a comprehensive administration of the debtor's property, wherever located and by whomever controlled, can the court shield the property from creditors' unauthorized grasp; prevent harassment of debtors; and ultimately ensure equal distribution among creditors.

*Bonneville Power Admin. v. Mirant Corp. (In re Mirant Corp.)*, 440 F.3d 238, 251 (5th Cir.2006) (citation omitted). There

are "numerous provisions in the Bankruptcy Code establishing the debtor's authority to manage the estate and its legal claims." *Smart World Techs., LLC v. Juno Online Servs. (In re Smart World Techs., LLC)*, 423 F.3d 166, 174 (2d Cir.2005). Section 362(a)(3), for example, " 'allows the debtor-in-possession to take control of the estate's property in order to assure an equitable distribution of the property among creditors,' and thus 'evinces Congress's desire to leave administration of the chapter 11 estate solely in the hands of the debtor-in-possession.' " *Official Comm. of Equity Sec. Holders v. Adelphia Communs. Corp. (In re Adelphia Communs. Corp.)*, 371 B.R. 660, 670 n. 54 (S.D.N.Y.2007) (alterations in original). The Bankruptcy Code entrusts the administration of these cases to the Debtors, with the participation of the official committees (including in these cases an official equity committee) and any other party in interest who wishes to be heard, and subject to the control of this Court.

██ Under the circumstances of this case, an action against the Board, whose members act as officers of the court, implicates the *Barton* doctrine. Under the doctrine of *Barton v. Barbour*, 104 U.S. 126, 26 L.Ed. 672 (1881), "a party must first obtain leave of the bankruptcy court before it initiates an action in another forum against a bankruptcy trustee or other officer appointed by the bankruptcy court for acts done in the officer's official capacity." *Beck v. Fort James Corp. (In re Crown Vantage, Inc.)*, 421 F.3d 963, 970 (9th Cir. 2005); *see also Lebovits v. Scheffel (In re Lehal Realty Assocs.)*, 101 F.3d 272, 276 (2d Cir.1996); *Muratore v. Darr*, 375 F.3d 140, 147 (1st Cir.2004); *Carter v. Rodgers*, 220 F.3d 1249, 1252 (11th Cir.2000); *In re Linton*, 136 F.3d 544, 546 (7th Cir.1998); *Allard v. Weitzman (In re DeLorean Motor Co.)*, 991 F.2d 1236, 1240 (6th Cir.

1993). The doctrine protects any fiduciary of the estate, including a debtor-in-possession, as "[i]t is well settled that such fiduciary cannot be sued in state court without leave of the bankruptcy court for acts done in his official capacity and within his authority as an officer of the court." *In re Balboa Improvements, Ltd.,* 99 B.R. 966, 970 (9th Cir. BAP 1989) (debtor-in-possession case); *see also In re Noakes,* 104 B.R. 323, 326 n. 5 (Bankr.D.Mont.1989); *In re Campbell,* 13 B.R. 974, 976 (Bankr.D.Idaho 1981).[1] Under the *Barton* doctrine, since Plaintiff had not obtained leave of this Court before filing the Complaint, "[t]he only appropriate remedy, therefore, is to order cessation of the improper action." *Beck,* 421 F.3d at 970; *see also Jasmine Networks, Inc. v. Marvell Semiconductor, Inc.,* 2006 WL 3392062, 2006 Bankr.LEXIS 3269 (Bankr.N.D.Cal. Nov. 20, 2006).

Plaintiff nevertheless contends that there is authority that the Automatic Stay does not prevent an action to enforce Plaintiff's corporate governance rights as a shareholder, citing *Manville Corp. v. Equity Sec. Holders Comm. (In re Johns–Manville Corp.),* 801 F.2d 60, 64 (2d Cir. 1986); *Fogel v. U.S. Energy Sys.,* 2008 WL 151857, 2008 Del. Ch. LEXIS 7 (Del. Ch. Jan. 15, 2008); *In re Marvel Entm't Group,* 209 B.R. 832 (D.Del.1997). These cases all held narrowly that the filing of a bankruptcy petition and the Automatic Stay do not preclude shareholder action to call an annual meeting. However, even this fundamental corporate governance provision can be limited if it "seriously threatened, rather than merely delayed," the rehabilitation of a debtor. *See Manville,* 801 F.2d at 66. In any event, Plain-

tiff is not alleging that he has been denied corporate governance rights. Instead, Plaintiff argues that the Board members have breached their fiduciary duties in the administration of the bankruptcy estate by failing to respond appropriately to Simon's offer. Under basic bankruptcy principles and the *Barton* doctrine, as stated above, Plaintiff cannot seek to have a non-bankruptcy court or jury take control over the administration of these cases.

■ Plaintiff finally argues that the Automatic Stay is not implicated because only equitable relief is sought. However, as described above, the relief sought here would allow the State Court to effectively control aspects of the Debtors' reorganization cases. This goes against the very purpose of the Automatic Stay, which is intended (among other things) "to allow the bankruptcy court to centralize all disputes concerning property of the debtor's estate so that reorganization can proceed efficiently, unimpeded by uncoordinated proceedings in other arenas." *SEC v. Brennan,* 230 F.3d 65, 70 (2d Cir.2000) (alterations in original), quoting *In re United States Lines, Inc.,* 197 F.3d 631, 640 (2d Cir.1999); *see also Enron Corp. v. California (In re Enron Corp.),* 314 B.R. 524 (Bankr.S.D.N.Y.2004). This is not to say that the Plaintiff cannot be heard if he has objections to estate administration issues. Among other things, Plaintiff will have the opportunity to be heard, along with other stakeholders of the Debtor, when the bidding procedures are considered by this Court, and he will presumably have the right to vote for or against the confirmation of a plan of reorganization.

---

1. By statute, with exceptions not relevant here, "a debtor in possession shall have all the rights ... and powers, and shall perform all the functions and duties ... of a trustee serving in a case under this chapter...." 11 U.S.C. § 1107(a); *see also United Shipyards,* *Inc. v. Hoey,* 131 F.2d 525, 527 (2d Cir.1942); *In re Wil–Low Cafeterias,* 111 F.2d 83, 84 (2d Cir.1940) ("A debtor continued in possession by court order is a court officer analogous to a receiver or trustee.").

The two cases cited by Plaintiff in support of the argument that he is entitled to equitable relief are distinguishable. In *In re Levitz Furniture Inc.*, 267 B.R. 516 (Bankr.D.Del.2000), the debtor was seeking to enjoin a chancery action between a non-bankrupt third-party and that third-party's shareholders. In this case, the alleged cause of action does not involve third-party rights but instead questions the debtors' administration of their estates. In *In re Continental Air Lines*, 61 B.R. 758, 761–62 (S.D.Tex.1986), the debtor, after a post-petition takeover of an independent corporation, unsuccessfully claimed that the assets acquired were property of the bankruptcy estate and that the complaining minority shareholders of the target corporation had to litigate in the debtor's bankruptcy court, located thousands of miles from the target corporation's principal place of business. The issues arising from a corporate takeover attempt of a non-bankrupt party by a debtor are distinct from the issues of bankruptcy administration implicated here. Plaintiff's Complaint directly interferes with the bankruptcy administration, violates the Automatic Stay, and must be stayed if not dismissed.

### II.  The Derivative Claim

■ Turning to the derivative claim, it is well settled that alleged "acts of breach of fiduciary duty, corporate waste and mismanagement ... become property of the estate immediately upon the commencement of a bankruptcy case pursuant to § 541 of the Bankruptcy Code." *Cohen v. Nat'l Union Fire Ins. Co. (In re County Seat Stores, Inc.)*, 280 B.R. 319, 326 (Bankr.S.D.N.Y.2002); *see also Pepper v. Litton*, 308 U.S. 295, 307–08, 60 S.Ct. 238, 245–246, 84 L.Ed. 281 (1939); *Keene Corp. v. Coleman (In re Keene)*, 164 B.R. 844, 853 (Bankr.S.D.N.Y.1994); *AP Indus., Inc. v. SN Phelps & Co. (In re AP Indus.,*

*Inc.)*, 117 B.R. 789, 801 (Bankr.S.D.N.Y. 1990). Property of the estate also includes "[a]ny interest in property that the estate acquires after the commencement of the case." 11 U.S.C. § 541(a)(7).

"As claims of the bankruptcy estate, only the trustee can bring them and [plaintiff] no longer owns them nor can [plaintiff] assert them." *In re County Seat Stores, Inc.*, 280 B.R. at 326; *see also Pepper*, 308 U.S. at 307–08, 60 S.Ct. 238; *In re Keene*, 164 B.R. at 853; *In re AP Indus., Inc.*, 117 B.R. at 801. In *Mitchell Excavators, Inc. v. Mitchell*, 734 F.2d 129, 131–32 (2d Cir.1984), the Second Circuit stated that there are two exceptions to this rule, for situations where (i) a particular claim is abandoned by the trustee or debtor or (ii) the shareholder has petitioned and received approval from the bankruptcy court to bring a claim. Neither exception is relevant in this case. The foregoing thus provides an additional reason why Plaintiff's Derivative Claim must also be stayed or dismissed because its commencement violated § 362 of the Bankruptcy Code.

### III.  Contempt and Sanctions

■ Debtors seek damages or sanctions. Given the pleadings and the hearing colloquy, it appears that Plaintiff is unfamiliar with the bankruptcy process, and the Court does not feel that sanctions are appropriate or necessary at this point. However, if there is any further contemptuous activity on Plaintiff's part, the Debtors may renew their request for sanctions.

### CONCLUSION

Debtors' motion to enforce the Automatic Stay under § 362 of the Bankruptcy Code is granted. The Complaint is barred by the Automatic Stay and must be stayed

or dismissed. Debtors' request for sanctions is denied without prejudice.

**IT IS SO ORDERED.**